**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-611-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jesus Corrales-Fernandez (01); Carlos Alvarez-Espinoza (02; Evaristo Ortiz-Jimenez (03); Freddy Ovando-Ocana (04), David Alejo-Ortiz (05), | |
| Defendants. | |

On January 7, 2009, the Government filed a superseding indictment against Jesus Corrales-Fernandez, Carlos Alvarez-Espinoza, Evaristo Ortiz-Jimenez, Freddy Ovando-Ocana, and David Alejo-Ortiz. The indictment asserts a total of 18 counts. All Defendants are charged in Counts 1 through 15, which allege conspiracy to commit hostage taking (Count 1), hostage taking (Counts 2-7), conspiracy to harbor illegal aliens (Count 8), harboring illegal aliens (Count 9), and use and carrying of a firearm and possession of a firearm during a crime of violence (Counts 10-15). Counts 16 through 18 charge Defendants Ortiz-Jimenez, Corrales-Fernandez, and Ovando-Ocana with illegal reentry after deportation. Dkt. #71.

Defendant Alvarez-Espinoza has filed a motion to dismiss the indictment. Dkt. #118. Defendant Ovando-Ocana has joined the motion. Dkt. #128. The Government has filed a response. Dkt. #146. Following a discussion of the motion at a hearing held on April 16,

2009 (Dkt. #152), the Court provided Alvarez-Espinoza and the Government an opportunity to file supplemental memoranda. Dkt. #154 at 1-2, ¶ 4. No supplemental memorandum has been filed, and the time for filing one has expired. *See id.* The Court therefore will consider the motion to dismiss based on the arguments and evidence presented in the motion and response (Dkt. ##118, 146) and, for reasons that follow, will deny the motion.

The Government found approximately 23 undocumented aliens inside the drop house. Six were detained as material witnesses for trial. Of the remaining aliens, one was prosecuted on illegal reentry charges and the others were deported to Mexico, their country of citizenship. Dkt. #146 at 2. Alvarez-Espinoza argues that by returning some of the alien witnesses to Mexico without making them available for interview or providing the defense with identifying information prior to their return, the Government has violated his Fifth Amendment right to due process and Sixth Amendment right to compulsory process and to confront witnesses. Dkt. #118.

Alvarez-Espinoza has not demonstrated a violation of his Sixth Amendment right to confrontation. The Government has provided Alvarez-Espinoza with the identities of the victims who were interviewed and copies of their statements. The Government avows that victims whose statements were not disclosed to the defense will not be testifying at trial and that Alvarez-Espinoza will, of course, be afforded the right to fully cross examine any witness who does testify. Dkt. #146 at 1. The Confrontation Clause is not violated where a declarant testifies as a witness at trial and is "subject to full and effective cross-examination." *California v. Green*, 399 U.S. 149, 158 (1970). Because the deported witnesses will not be presented as witnesses against Alvarez-Espinoza, he has not established a violation of the Confrontation Clause.

To show that the Government's deportation of witnesses violated his Fifth Amendment right to due process and his Sixth Amendment right to compulsory process, Alvarez-Espinoza must meet a two-pronged test: he must show that the Government "acted in bad faith and that this conduct resulted in prejudice to his case." *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1174 (9th Cir. 2002) (citing *United States v. Dring*, 930

F.2d 687, 693 (9th Cir. 1991)); *see United States v. Valenzuela-Bernal*, 458 U.S. 858, 866-67 (1982). Alvarez-Espinoza has satisfied neither prong of the test.

To establish that the Government acted in bad faith, Alvarez-Espinoza must show either that the Government "departed from normal deportation procedures, or that it deported the witnesses to gain an unfair tactical advantage at trial." *Gastelum-Almeida*, 298 F.3d at 1174. Alvarez-Espinoza has introduced no evidence that the Government departed from normal deportation procedures, nor has he shown that the Government deported the aliens to gain an unfair tactical advantage at trial. The Government "need not prove good faith; [Alvarez-Espinoza] bears the burden of proving that the [G]overnment acted in bad faith." *Gastelum-Almeida*, 298 F.3d at 1174 (citing *Dring*, 930 F.2d at 694). He has not met this burden. *See United States v. Velarde-Gavarrete*, 975 F.2d 672, 675-76 (9th Cir. 1992); *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1085 (9th Cir. 2000).

With respect to prejudice, Alvarez-Espinoza asserts that he "has every reason to believe" that the deported witnesses "have exonerating evidence[.]" Dkt. #118 at 2. He further speculates that some of the deported witnesses "likely overheard information from the smugglers which exonerates [him]" and that the "witnesses' testimony could be used to impeach the testimony of other witnesses who present evidence harmful to [him]." Dkt. #118 at 11. Citing *United States v. Mendez-Rodriguez*, 450 F.2d 1 (9th Cir. 1971), Alvarez-Espinoza contends that in order to establish prejudice he must show only that the deported witnesses' testimony could "conceivably benefit" him. Dkt. #118 at 9.

The "conceivable benefit" test was explicitly rejected by the Supreme Court in *Valenzuela-Bernal*. 458 U.S. at 862-67; *see Dring*, 930 F.2d at 693; *United States v. Marquez-Amaya*, 686 F.2d 747 (9th Cir. 1982). Noting that the Sixth Amendment guarantees a defendant only "'compulsory process for obtaining *witnesses in his favor*[,]'" the Supreme Court held in *Valenzuela-Bernal* that to establish a constitutional violation the defendant "must at least make some plausible showing how the [deported witnesses'] testimony would have been both material and favorable to his defense." 458 U.S. at 867 (emphasis in original); *see Dring*, 930 F.2d at 693-94. Alvarez-Espinoza has made no such showing. *See*

*Gastelum-Almeida*, 298 F.3d at 1174 (defendant's speculation as to how the deported witnesses may testify at trial was not sufficient to establish prejudice).

"The mere fact that the Government deports [illegal-alien] witnesses is not sufficient to establish a violation of the Compulsory Process Clause of the Sixth Amendment or the Due Process Clause of the Fifth Amendment." *Valenzuela-Bernal*, 458 U.S. at 873-74. The Court will deny the motion to dismiss.

**IT IS ORDERED** that Defendant Carlos Alvarez-Espinoza's motion to dismiss indictment (Dkt. #118) is **denied**.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(8)(A) is found to commence on March 27, 2009 for a total of 41 days.

DATED this 6th day of May, 2009.

_____
David G. Campbell
United States District Judge