**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-611-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Carlos Alvarez-Espinoza (02), | |
| Defendant. | |

Defendant Carlos Alvarez-Espinoza was convicted by a jury of multiple offenses arising out of the hostage taking of undocumented immigrants. Doc. 216. He was sentenced to a total of 137 years in prison. Doc. 280. The Ninth Circuit affirmed. Doc. 354.

Defendant has filed a motion for appointment of counsel. Doc. 353. For reasons stated below, the motion will be granted.

It appears that Defendant wishes to assert an ineffective assistance of counsel claim as he seeks to file a motion "about [his] lawyer" and states, "If my lawyer would have done what I requested of him, I wouldn't be in this situation." *Id.* A federal defendant's claim of ineffective assistance of counsel is properly raised in a civil habeas corpus proceeding pursuant to 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003); *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000).

"The mandatory requirement of the Sixth Amendment regarding right to counsel does not apply to indigent movants under 28 U.S.C. § 2255." *Dillon v. United States*, 307 F.2d 445, 446 (9th Cir. 1962). This Circuit has held, however, that "counsel must be appointed

to represent indigent defendants in 2255 proceedings when the complexities of the case are such that denial of counsel would amount to a denial of due process [under the Fifth Amendment]." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon*, 307 F.2d at 446-47). The Court also has discretion to appoint counsel under 18 U.S.C. § 3006A(2) when it determines that "the interests of justice so require[.]" *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). "This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits." *Fuentes*, 2009 WL 4730733, at *2 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (applying the same factors for the "exceptional circumstances" standard provided in 28 U.S.C. § 1915).

It is clear from Defendant's motion that he has only limited ability to fully and fairly articulate his claim of ineffective assistance of counsel. The issues in this case are complex. Defendant has not shown that he is likely to succeed on the merits, but this may be due to his inability to articulate his claim. For these reasons, and because Defendant is serving a long prison sentence, the Court finds that the interests of justice requires appointment of counsel.

Defendant seeks a "leave of stay" to "file motions in the proper manner." Doc. 353. The Court construes this as a request for an extension of time to file a § 2255 motion. "[F]ederal prisoners are typically required to file a motion for habeas relief within one year from 'the date on which the judgment of conviction becomes final.'" *United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (quoting 28 U.S.C. § 2255(f)). "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003).

The Ninth Circuit issued its mandate on December 28, 2010. Doc. 354. The time for filing a petition for certiorari has not expired. *See Clay*, 537 U.S. at 537 (time for filing petition for certiorari ordinarily expires 69 days after mandate). It therefore appears that Defendant's judgment of conviction has not become final for purposes of the one-year

limitation period for filing a federal habeas action under 28 U.S.C. § 2255.  The request for an extension of time will be denied.

**IT IS ORDERED:**

1. Defendant Carlos Alvarez-Espinoza's motion for appointment of counsel (Doc. 353) is **granted**.

2. Attorney Michele Moretti is appointed to represent Defendant in an action brought under 28 U.S.C. § 2255.

3. The request for an extension of time to file a motion under 28 U.S.C. § 2255 is **denied**.

DATED this 18th day of January, 2011.

_____
David G. Campbell
United States District Judge