**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>Carlos Alvarez-Espinoza,<br><br>Defendant/Movant. | No. CV-12-01083-PHX-DGC (SPL)<br>CR-08-0611 PHX DGC<br><br>**ORDER** |

Carlos Alvarez-Espinoza, who is now confined in the United States Penitentiary in White Deer, Pennsylvania, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. CVDoc. 1; CRDoc. 388.[1] United States Magistrate Judge Steven P. Logan issued a Report and Recommendation ("R&R") recommending that the motion be denied. CVDoc. 10. Movant filed a written objection to the R&R. CVDoc. 16. No party has requested oral argument. For the reasons that follow, the Court will accept the R&R and deny the motion.

**I.   Background.**

Movant does not object to the R&R's recitation of facts, and therefore the Court will adopt it summarily. A federal grand jury returned a superseding indictment against Movant, charging him with fifteen felony counts on January 7, 2009. CVDoc. 10 at 1. The government moved to dismiss two counts at the commencement of

---

[1] As in the R&R, documents filed in CV-12-0183-PHX-DGC will be referred to as "CVDoc" and documents filed in the related criminal action, CR-08-00611-PHX-DGC, will be referred to as "CRDoc."

the jury trial on June 15, 2009, in Arizona District Court. *Id.* The jury found Movant guilty of all the remaining charges. *Id.* at 2. The charges related to the harboring of 21 smuggled aliens at a residence in Phoenix, Arizona, including the use and possession of a firearm in relation to a crime of violence. *Id.* at 1-2. The District Court imposed sentences totaling in combination of 1644 months (137 years) of imprisonment. *Id.* After sentencing, Movant filed a timely Notice of Appeal raising four issues, including that the court erred in not dismissing the indictment after the government failed to retain Osmund Sanchez as a witness when Sanchez had provided the basis for the search warrant. *Id.* at 2-3. As to that issue, the Ninth Circuit found that Defendant could not show that the government acted in bad faith and caused prejudice to his case because "as conceded at oral argument, he cannot make any such showing." CRDoc. 354-1 at 2. The Ninth Circuit affirmed Movant's convictions and sentences (*id.* at 3), and entered its formal mandate on December 28, 2010 (CRDoc. 354). Movant then filed the instant motion, which raises eight grounds for relief. CVDocs. 1 & 2; CRDocs. 388 & 389.

The R&R concludes that Movant's grounds for relief are procedurally defaulted, precluded, or fail on the merits. CVDoc. 10 at 16.

**II. Discussion.**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Movant's only objection is to the R&R's determination with respect to Ground Two (Doc. 16 at 5), and the Court has reviewed that specific objection *de novo*.[2]

---

[2] The R&R recommends that to the extent Ground Two "claims that, notwithstanding Osmund Sanchez, other unnamed material witnesses were released without defense interviews" (CVDoc. 10 at 13 n. 8), that the claim is procedurally defaulted because it was not raised on direct appeal and "Movant has not shown that prejudice resulted from appellate counsel's failure to raise the claim" (*id.*). Movant

### A. Ground Two.

Ground Two claims that Movant's Fifth and Sixth Amendment rights were violated because material witnesses were deported or released prior to Movant having opportunity to interview or depose them. CVDoc. 1 at 5; CVDoc. 2 at 17-22; CRDoc. 388 at 5; CRDoc. 389 at 17-22. "To show that the government's deportation of a an alien-witness violated his Fifth Amendment right to due process and his Sixth Amendment right to compulsory process, [the defendant] must show that the government acted in bad faith and that this conduct resulted in prejudice to his case." *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1174 (9th Cir. 2002) (citing *United States v. Ding*, 930 F.2d 687, 693 (9th Cir. 1991)). The R&R finds that because Movant raised this issue on direct appeal, the Ninth Circuit's rejection of the argument precludes Movant from raising the same issue in his § 2255 motion. CVDoc. 10 at 13-14 (citing *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 preceding.")). Movant objects to the R&R's preclusion determination and argues that *United States v. Leal-Del Carmen*, 697 F.3d 964 (9th Cir. 2012), constitutes a subsequent change in the law that requires a different outcome. CVDoc. 16 at 5-7.

The R&R finds that "*Leal-Del Carmen* was confronted with the same issues, applied preexisting precedent, and arrived at the same conclusion as in *United States v. Ramirez-Lopez*, 315 F.3d 1143 (9th Cir. 2003)." CVDoc. 10 at 14. Movant argues that this finding was error because *Ramirez-Lopez* was withdrawn and the appeal dismissed. CVDoc. 16 at 6 (citing *United States v. Ramirez-Lopez*, 315 F.3d 1143 (9th Cir. 2003), *withdrawn by United States v. Ramirez-Lopez*, 327 F.3d 829 (9th Cir. 2003)). The Court agrees that the R&R erred when it cited *Ramirez-Lopez*, but this does not render the

---

does not appear to object to this portion of the R&R's recommendation, and instead limits his objection to the R&R's recommendation that Ground Two be denied with respect to the deportation of Osmund Sanchez. CVDoc. 16 at 5. The Court has limited its *de novo* review accordingly.

R&R's conclusion wrong. The Ninth Circuit cited *Gastelum-Almeida*, 298 F.3d at 1174, in its memorandum opinion in this case, rejecting Movant's argument that the government's failure to retain a witness constituted a constitutional violation. CRDoc. 354-1 at 2. *Leal-Del Carmen* and *Gastelum-Almeida* apply the same precedent. *Compare Leal-Del Carmen*, 697 F.3d at 969-70 (citing *Dring*, 930 F.2d at 693-94, and *United States v. Valenzuela-Bernal*, 458 U.S. 858, 864-65 & 872-73 (1982), *with Gastelum-Almeida*, 298 F.3d at 1174 (citing *Dring*, 930 F.2d at 693-94, and *Valenzuela-Bernal*, 458 U.S. at 872-73)). Movant argues that *Leal-Del Carmen* establishes a presumption that a removed witness's testimony is favorable to the defendant (CVDoc. 16 at 15), but the case did not establish any such presumption. *Leal-Del Carmen* applies the longstanding bad faith requirement, and holds that the government acts in bad faith when it deports an alien witness the government *knows* to possess potentially exculpatory evidence. 697 F.3d at 970 ("Once the government is aware that an alien has potentially exculpatory evidence, it must treat that person as a material witness and give defense counsel the opportunity to interview him and make a reasoned determination whether to seek his retention pending trial. . . . The government remains free to deport witnesses it has no reason to believe possess exculpatory evidence."). The deportation of the alien witness in *Leal-Del Carmen* was a constitutional violation because "the government *publicly admitted* that it actually knew of the deported witness' potentially exculpatory testimony." CVDoc. 16 at 14 (emphasis in original). *Leal-Del Carmen* does not change in Ninth Circuit law. *See Gastelum-Almeida*, 298 F.3d at 1174 (applying bad faith test and stating that bad faith occurs when government deports a witnesses to gain an unfair tactical advantage at trial).[3]

Movant also argues that his "appellate counsel was ineffective to the extent he actually 'conceded' lack of bad faith or prejudice." CVDoc. 16 at 5-7. But Movant's

---

[3] The only "presumption" discussed in *Leal-Del Carmen* concerns a missing witness instruction. 697 F.3d at 974. Such an instruction is not at issue in this motion.

§ 2255 motion raises ineffective assistance of counsel only with respect to trial counsel, not appellate counsel (*see* CVDoc. 1 at 5-6, CVDoc. 1-1), and Movant cannot raise in this Court arguments that were not included in his original § 2255 motion. *See Greenhow v. Sec. of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("Allowing parties to litigate their case fully before the magistrate and, if unsuccessful to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The Court agrees with the R&R that Movant is precluded from re-litigating ground two because the Ninth Circuit ruled on the same argument in Movant's direct appeal. CVDoc. 10 at 13-14. *See Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").

**IT IS ORDERED:**

1. Magistrate Judge Steven P. Logan's R&R (Doc. 10) is **accepted**.
2. The Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **denied**.
3. The Clerk of Court shall **terminate** this action.

Dated this 24th day of May, 2013.

_____
David G. Campbell
United States District Judge