1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9

10   United States of America,                │   No. CR-08-00611-02-PHX-DGC

11                    Plaintiff,              │   **ORDER**

12   v.

13   Carlos Alvarez-Espinoza,

14                    Defendant.

15

16

17          Defendant Carlos Alvarez-Espinoza is an inmate with the Federal Bureau of

18   Prisons ("BOP").   Due to ongoing health concerns from the COVID-19 pandemic,

19   Defendant has filed a second motion for compassionate release under 18 U.S.C.

20   § 3582(c)(1)(A).  Doc. 464.  The motion is fully briefed.  Docs. 467, 476.  For reasons

21   stated below, the Court will deny the motion.

22   **I.     Background.**

23          Defendant received a 300-month prison sentence after a jury convicted him of

24   hostage taking and harboring illegal alien offenses in June 2009.   Docs. 221, 434.

25   Defendant is confined at the medium-security federal correctional institution in Victorville,

26   California ("FCI-Victorville").  *See* Federal BOP, *Find an Inmate*, https://www.bop.gov

27   /mobile/find_inmate/byname.jsp#inmate_results (last visited September 22, 2020).  His

28   projected release date is February 1, 2030.  *See id.*

Defendant filed a motion for compassionate release on May 18, 2020. Doc. 451. The Court denied the motion because Defendant had filed no request for compassionate release with the warden of FCI-Victorville. Doc. 461. On June 4, 2020, Defendant requested that the warden consider him for compassionate release. Doc. 464 at 13-15. Defendant therefore has exhausted his administrative remedies with respect to the present motion, which was filed August 10, 2020. *See* 18 U.S.C. § 3582(c)(1)(A) (a prisoner may bring a motion for compassionate release 30 days after the warden receives the administrative request).

On August 13, 2020, the Federal Public Defender's Office filed a notice regarding Defendant's motion pursuant to General Order 20-28. Doc. 465. The notice states that appointment of counsel is not warranted because Defendant's motion fails to state a prima facie claim for relief under § 3582(c)(1)(A). *Id.* at 1. Specifically, the motion "reveals no mention of any health conditions or other extraordinary and compelling reasons for granting a sentence reduction." *Id.* at 2.

The government filed a response to the motion on August 24, 2020, arguing that Defendant has no medical condition that puts him at higher risk for severe illness from a COVID-19 infection and that he otherwise has failed to show extraordinary and compelling reasons warranting compassionate release. Doc. 467 at 1. The government further argues that Defendant should not be released early because he poses a danger to the community. *Id.* at 9-10. Defendant filed a reply on September 9, 2020. Doc. 476.

**II.    Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). The First Step Act amended § 3582(c) to

1    permit motions for compassionate release by prisoners. *See id.*; *United States v. Baye*,

2    No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) ("The First

3    Step Act materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could

4    bring a motion for compassionate release.") (comparing § 3582(c)(1)(A) (2018) with

5    § 3582(c)(1)(A) (2002)).

6          Specifically, amended § 3582(c) provides:

7          The court may not modify a term of imprisonment once it has been imposed
           except that –
8
9          (1) in any case –

10         (A) the court, upon motion of the Director of the [BOP], or upon motion of
           the defendant after the defendant has fully exhausted all administrative
11         rights[,] . . . may reduce the term of imprisonment (and may impose a term
           of probation or supervised release with or without conditions that does not
12         exceed the unserved portion of the original term of imprisonment), after
           considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that
13         they are applicable, if it finds that –
14
           (i) extraordinary and compelling reasons warrant such a reduction . . . and
15         that such a reduction is consistent with applicable policy statements issued
           by the Sentencing Commission.
16
17   18 U.S.C. § 3582(c).[1]

18         While § 3582(c) does not define "extraordinary and compelling reasons," the

19   Sentencing Commission has identified four categories that may qualify: serious medical

20   conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G.

21   § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH,

22

23

24
     _____

25        [1] "Although relief under the statute is commonly referred to as 'compassionate
     release,' such relief is not limited to immediate release, but includes a reduction in
26   sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3
     (W.D.N.Y. Apr. 20, 2020); *see also United States v. Young*, No. 2:00-cr-0002-1, 2020 WL
27   1047815, at *6 (M.D. Tenn. Mar. 4, 2020) ("[A] majority of the district courts that have
     considered the issue have likewise held, based on the First Step Act, that they have the
28   authority to reduce a prisoner's sentence upon the court's independent finding of
     extraordinary or compelling reasons.") (citations omitted).

3

1    2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020); *United States v. Hays*, No. CR 18-

2    00088-KD-N, 2020 WL 1698778, at *2 (S.D. Ala. Apr. 7, 2020).[2]

3        The following medical conditions constitute extraordinary and compelling reasons

4    justifying compassionate release:

5        (i) The defendant is suffering from a terminal illness (i.e., a serious and
         advanced illness with an end of life trajectory)[.]

6

7        (ii) The defendant is—

8            (I) suffering from a serious physical or medical condition,

9            (II) suffering from a serious functional or cognitive impairment, or

10           (III) experiencing deteriorating physical or mental health because of
             the aging process,

11       that substantially diminishes the ability of the defendant to provide self-care
         within the environment of a correctional facility and from which he or she is

12       not expected to recover.

13   § 1B1.13, application note 1(A).

14   **III.    Defendant's Motion.**

15       Defendant asserts that on July 2, 2020, FCI-Victorville was locked down after more

16   than 200 inmates tested positive for COVID-19.  Doc. 464 at 2.  As of September 22, 2020,

17   more than one-third of the inmates – 357 out of a population of 986 – have tested positive

18   for COVID-19.  *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/

19   index.jsp (Victorville Medium I FCI).[3]  One inmate has died, and 319 have recovered from

20

21

22

23       [2] There is no policy statement specifically applicable to motions for compassionate
     release filed by prisoners under the FSA.  By its terms, the current policy statement applies
     to motions for compassionate release filed by the BOP Director.  U.S.S.G. § 1B1.13.  The

24   Sentencing Commission has not amended the current policy statement since the FSA was
     enacted, nor has it adopted a new policy statement applicable to motions filed by

25   defendants.  *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing
     *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash.

26   June 11, 2019)).   While the current policy statement may not constrain the Court's
     independent assessment of whether "extraordinary and compelling reasons" warrant a

27   sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance.  *See id.*

28       [3] *See also* Federal BOP, *FCI Victorville Medium I*, https://www.bop.gov/locations
     /institutions/vim/ (listing the total population as 986 inmates) (last visited Sept. 22, 2020).

1   COVID-19.  *See id.*  Defendant asserts that "waiting for [him] to test positive would be a

2   waste of time or maybe [his] life."  Doc. 464 at 3.

3        Defendant's concern about the spread of COVID-19 within FCI-Victorville is well

4   founded.  And while the Court is sympathetic to that concern, Defendant's motion must be

5   denied because he has not shown the requisite extraordinary and compelling reasons for

6   compassionate release under § 3582(c)(1)(A)(i).  Defendant is 31 years old.  *See* Doc. 429

7   at 4.  He has identified no medical condition that puts him at higher risk for severe illness

8   from a COVID-19 infection.  *See* Docs. 464, 476.

9        Defendant's general concern about possibly contracting the virus is not similar to

10   what the Commission has articulated as criteria for compassionate release.  *See Hays*, 2020

11   WL 1698778, at *3.  This Court has "join[ed] other [c]ourts in the Ninth Circuit and across

12   the country in finding that requests for compassionate release [based on] the presence of

13   COVID-19 alone does not create extraordinary and compelling reasons for release."

14   *United States v. Partida*, No. CR1708260001PCTDGC, 2020 WL 3050705, at *6 (D. Ariz.

15   June 8, 2020) (quoting *Esparza*, 2020 WL 2838732, at *2 (citing cases)); *see also United*

16   *States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22,

17   2020) ("Courts have found general concerns about possible exposure to COVID-19 'do not

18   meet the criteria for extraordinary and compelling reasons for a reduction in sentence set

19   forth in the Sentencing Commission's policy statement.'") (citations omitted).

20        What is more, Defendant has failed to show that he "is not a danger to the safety of

21   any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

22   § 3582(c)(1)(A); *see United States v. Zazweta*, No. 4:16-CR-176-BLW, 2020 WL

23   5577876, at *1 (D. Idaho Sept. 17, 2020).  Defendant committed hostage taking by seizing,

24   detaining, and threatening to kill the victims at gunpoint.  Docs. 429 at 5, 467 at 10.  Given

25   the seriousness and nature of these crimes, the Court cannot conclude that he no longer

26   poses a danger to the community if released.

27        In summary, the Court will deny Defendant's motion for compassionate release.

28   *See Zazweta*, 2020 WL 5577876, at *1 ("[T]he defendant has not carried her burden of

1 showing 'extraordinary and compelling reasons' that would support a compassionate

2 release and the Court cannot find that she would not be a danger to the community if

3 released.  Consequently, her motion will be denied."); *United States v. Gotti*, No. 02-CR-

4 743, 2020 WL 497987, at \*6 (S.D.N.Y. Jan. 15, 2020) (release was inappropriate regardless

5 of extraordinary and compelling circumstances because the defendant posed a continuing

6 danger to the public).[4]

7      **IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 464) is

8 **denied**.

9      Dated this 23rd day of September, 2020.

David G. Campbell
Senior United States District Judge

---

27      [4] Given this ruling based on Defendant's failure to establish the requisite
extraordinary and compelling reasons and to show that he poses no danger to the public,
28 the Court need not decide whether the factors set forth in 18 U.S.C. § 3553(a) support
compassionate release.  *See* Docs. 464 at 4-6, 467 at 10.