**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-08-00611-002-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carlos Alvarez-Espinoza, | |
| Defendant. | |

Defendant Carlos Alvarez-Espinoza is an inmate with the Federal Bureau of Prisons ("BOP"). He has filed a motion for reconsideration of the Court's order denying the motion for compassionate release he filed pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 489; *see* Docs. 464, 477. The motion is fully briefed. Docs. 491, 495. For reasons stated below, the Court will deny the motion.

**I.      Background.**

Defendant received a 300-month prison sentence after a jury convicted him of hostage taking and harboring illegal aliens in June 2009. Docs. 221, 434. Defendant presently is confined at the United States Penitentiary in Atwater, California ("USP Atwater"). *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited June 24, 2020). His projected release date is February 1, 2030. *See id.*[1]

---

[1] Defendant was housed at the federal correctional institution in Victorville, California when he filed his motion for compassionate release. *See* Doc. 477 at 1.

Defendant filed his motion for compassionate release on August 10, 2020. Doc. 464. On August 13, the Federal Public Defender's Office filed a notice stating that appointment of counsel was not warranted because Defendant's motion fails to state a prima facie claim for relief under § 3582(c)(1)(A). Doc. 465 at 1. Specifically, the motion "reveal[ed] no mention of any health conditions or other extraordinary and compelling reasons for granting a sentence reduction." *Id.* at 2. The government filed a response to the motion on August 24, arguing that Defendant has no medical condition that puts him at higher risk for severe illness from COVID-19 and that he otherwise has failed to show extraordinary and compelling reasons warranting compassionate release. Doc. 467 at 1. The government further argued that Defendant should not be released early because he poses a danger to the community. *Id.* at 9-10. Defendant filed a reply on September 9. Doc. 476.

The Court denied the motion on September 23, finding that Defendant had failed to show extraordinary and compelling reasons for compassionate release because he is only 31 years old and has no medical condition that puts him at higher risk for severe illness from a COVID-19 infection. Doc. 477 at 5.[2] The Court further found that Defendant had failed to show he no longer is a danger to the community, noting that he "committed hostage taking by seizing, detaining, and threatening to kill the victims at gunpoint." Doc. 477 at 5-6 (citing 18 U.S.C. § 3142(g)).

Defendant asks the Court to reconsider those rulings and grant him compassionate release based on recent Ninth Circuit authority, his COVID-19 infection, the conditions of confinement at USP Atwater, and his rehabilitation while in prison. Doc. 489 at 2-3.

---

[2] *See United States v. Brown*, No. CR 17-153(6) ADM/DTS, 2020 WL 6136121, at *2 (D. Minn. Oct. 19, 2020) ("At 30 years old, Brown's risk for severe illness from COVID-19 is substantially lower than the risk to older adults.") (citing Centers for Disease Control and Prevention ("CDC"), *Coronavirus Disease 2019: Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html ("[P]eople in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older.")); *United States v. Vassallo*, No. 2:09-CR-00179-TLN, 2020 WL 3402436, at *3 (E.D. Cal. June 19, 2020) ("[A]t age 40, Defendant does not satisfy the statute's age-related conditions and is not in the high-risk age category for COVID-19.").

## II. Reconsideration Standard.

Motions for reconsideration are disfavored and rarely granted. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). Such a motion will be denied absent a showing of manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. *See* LRCrim 12(a); LRCiv 7.2(g)(1); *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The motion may not repeat previous arguments or "ask the Court to rethink what it has already thought through." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

## III. Defendant's Motion for Reconsideration.

Under § 3582(c)(1)(A)(i), the Court may reduce a sentence where it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." By its terms, the policy statement in U.S.S.G § 1B1.13 applies only to § 3582(c)(1)(A) motions filed by the BOP. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Ninth Circuit recently held that § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Defendant cites *Aruda* to inform the Court that it was not constrained by § 1B1.13 in ruling on his motion for compassionate release. Doc. 489 at 3-4. The government notes, correctly, that the Court anticipated the Ninth Circuit's holding in *Aruda* in finding that, while "the current policy statement may not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentencing reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance." Doc. 491 at 2 n.1 (quoting Doc 477 at 4 n.2). *Aruda* provides no basis for the Court to reconsider its prior order. *See United*

*States v. Motalebi*, No. 2:17-CR-34 JCM (NJK), 2021 WL 2583548, at *2 (D. Nev. June 23, 2021) (denying motion for reconsideration based on *Aruda* where "the court [had] never treated the policy statement as binding in ruling on compassionate release motions filed by defendants").

Defendant states that he tested positive for COVID-19 on December 27, 2020. Doc. 489 at 6. The CDC reports that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." CDC, *Reinfection with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited June 24, 2021). "Courts in this circuit . . . have held that 'the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.'" *United States v. Nash*, No. CR-03-00059-001-PHX-JAT, 2021 WL 1969729, at *2 (D. Ariz. May 6, 2021) (quoting *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020)); *see also United States v. Purry*, No. 2:14-cr-00332-JAD-VCF-1, 2020 WL 5909793, at *2 (D. Nev. Oct. 6, 2020) (denying compassionate release where the defendant failed to show that he would be "more susceptible to the virus a second time"). The Court finds that the "rare chance" of COVID-19 reinfection "simply does not meet the bar for an extraordinary and compelling reason warranting release." *United States v. Ieremia*, No. 16-CR-00744-DKW-1, 2021 WL 67313, at *4 (D. Haw. Jan. 7, 2021); *see United States v. Newman*, No. 3:17-CR-00448-BR, 2021 WL 2593763 (D. Or. June 24, 2021) ("Defendant is not in the age group that is considered to be at increased risk of severe illness from COVID-19. In addition, the Court finds persuasive the reasoning in the above cases regarding individuals who contracted and recovered from COVID-19 . . . . [T]he Court concludes Defendant has not established an extraordinary or compelling reason for compassionate release[.]").

What is more, Defendant received the Moderna vaccine on May 11, 2021. Doc. 491-1. According to the CDC, "authorized vaccines in the [United States], including the Moderna vaccine, 'are highly effective at protecting vaccinated people against symptomatic and severe COVID-19.'" *United States v. Upshaw*, No. 1:14-CR-00256-

NONE, 2021 WL 2417012, at *1 (E.D. Cal. June 14, 2021) (quoting CDC, COVID-19, *Interim Public Health Recommendations for Fully Vaccinated People*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fullyvaccinated-guidance.html); *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials.") (quoting CDC, *Information About the Moderna COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019ncov/vaccines/different-vaccines/Moderna.html). Defendant's vaccination further mitigates his risk of becoming severely ill from COVID-19, and the rare threat of a COVID-19 reinfection does not present an extraordinary and compelling reason to grant compassionate release. *See Nash*, 2021 WL 1969729, at *2 ("Further decreasing the risk associated with reinfection, Defendant has received his first dose of the Moderna COVID-19 vaccine."). Indeed, "[m]any courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions." *United States v. Hayes*, No. 4:17-CR-00289-DCN, 2021 WL 2533517, at *3 (D. Idaho June 21, 2021) (citing *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19.")); *see also United States v. Baeza-Vargas*, --- F. Supp. 3d ----, 2021 WL 1250349, at *4 (D. Ariz. Apr. 5, 2021) ("Although Baeza-Vargas's age [and medical conditions] make her more likely to suffer serious complications from COVID-19, the FDA has concluded that the Moderna COVID-19 vaccine is 95% effective at preventing infection and virtually entirely effective in preventing severe disease, including in participants with comorbidities. . . . Under these circumstances, the Court does not find that Baeza-Vargas has shown extraordinary and

compelling reasons warrant[ing] a reduction in her sentence.") (citations omitted); *United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons' to justify his release."); *United States v. Bongiorni*, No. CR16-109RSL, 2021 WL 2413348, at *4 (W.D. Wash. June 14, 2021) (noting that "[c]ourts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release") (citations omitted).

Defendant asserts that he cannot practice social distancing or otherwise protect himself from COVID-19 at USP Atwater. Doc. 489 at 7. But USP Atwater presently reports no active COVID-19 cases among inmates. *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/. And as of June 25, 2021, USP Atwater has fully inoculated nearly 500 inmates – more than half of its population. *See* Federal BOP, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/; Federal BOP, *USP Atwater*, https://www.bop.gov/locations/institutions/atw/ (listing a total inmate population of 939). Defendant has not shown that the COVID-19 protocols at USP Atwater will not protect him from a COVID-19 reinfection. *See United States v. Stoddard*, No. 1:14-CR-76, 2021 WL 2379568, at *5 (E.D. Va. June 9, 2021) ("[T]here are 0 active cases at USP Atwater and 415 of the 946 inmates at USP Atwater have been fully vaccinated to protect against COVID-19. Accordingly, nothing about COVID-19 provides an 'extraordinary and compelling circumstance' warranting a sentence reduction."); *United States v. Saelua*, No. CR 13-00021-SOM-03, 2021 WL 2229041, at *1 (D. Haw. June 2, 2021) (denying compassionate release and noting that, as of June 1, 2021, USP Atwater had "no active COVID-19 case in its inmate population" and "390 inmates and 152 staff members . . . [had] been fully vaccinated against COVID-19").

Defendant is concerned about possible new strains of COVID-19. Doc. 489 at 7-8. "[T]he need for a secondary 'booster' vaccine, or vaccine-resistant COVID-19 variants could emerge in the future, but there is no question now that the . . . Moderna vaccine has

6

dramatically reduced [Defendant's] risk of contracting COVID-19 [again]." *United States v. Garcia*, No. CR 18-40014-TSH, 2021 WL 1890290, at *3 (D. Mass. May 11, 2021); *see also United States v. Kosic*, No. 18 CR. 30(PAC), 2021 WL 1026498, at *2 n.4 (S.D.N.Y. Mar. 17, 2021) ("The Court notes Kosic's concerns that current vaccines may not be as effective against new strains of COVID-19. But, as Kosic states, 'Pfizer, Moderna, and Johnson & Johnson are already at work on' developing booster shots to increase vaccine efficacy against COVID-19 variants.") (citations omitted).

Defendant has failed to show extraordinary and compelling reasons for compassionate release. While Defendant's rehabilitative efforts are commendable (*see* Doc. 489 at 11-12), he has identified no valid reason for the Court to conclude that he no longer poses a danger to the community. *See* Doc. 477 at 5.[3] His motion for reconsideration will be denied. *See United States v. Zazweta*, No. 4:16-CR-176-BLW, 2020 WL 5577876, at *1 (D. Idaho Sept. 17, 2020) ("[T]he defendant has not carried her burden of showing 'extraordinary and compelling reasons' that would support a compassionate release and the Court cannot find that she would not be a danger to the community if released. Consequently, her motion will be denied.").

**IT IS ORDERED** that Defendant's motion for reconsideration (Doc. 489) is **denied**.

Dated this 28th day of June, 2021.

David G. Campbell
Senior United States District Judge

---

[3] Defendant asserts that he poses no danger because he will be removed to Mexico upon his release from prison. Docs. 489 at 15, 493 at 3. But "whether [D]efendant will be removed to Mexico is unknown and [he] may be released on bail, into the community, pending removal proceedings." *United States v. Guzman-Gonzalez*, No. 11-CR-00572-SI-2, 2021 WL 275548, at *2 (N.D. Cal. Jan. 27, 2021). Defendant's reliance on *United States v. Ledezma-Rodriguez*, 472 F. Supp. 3d 498 (S.D. Iowa July 14, 2020), is misplaced because the defendant in that case "was a non-violent, low-level offender with no ties to large-scale criminal organizations[.]" 472 F. Supp. 3d at 500.