**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-08-00611-02-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Carlos Alvarez-Espinoza, | |
| Defendant. | |

Defendant Carlos Alvarez-Espinoza is an inmate with the Federal Bureau of Prisons ("BOP"). He has filed a third motion for compassionate release under 18 U.S.C. § 3582(c). Doc. 504. The Court will deny the motion.

**I.    Background.**

In June 2009, a jury convicted Defendant on multiple counts of hostage taking, harboring illegal aliens, and brandishing a firearm during crimes of violence. Docs. 216, 221; *see* 18 U.S.C. §§ 924(c), 1203(a), 1324(a). He was sentenced to 137 years in prison in October 2009. Doc. 280. The sentence was reduced to 25 years after the § 924(c) convictions were vacated in October 2019. Docs. 422, 434; *see United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (finding § 924(c)'s residual clause to be unconstitutionally vague).

Defendant is confined at the United States Penitentiary in Atwater, California ("USP Atwater"). *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Jan. 10, 2023). His earliest projected release date is February 1, 2030. *See id.*

1

Defendant filed a motion for compassionate release in May 2020. Doc. 451. The motion was denied because Defendant had not exhausted his administrative remedies. Doc. 461.

Defendant filed a renewed motion in August 2020, seeking release due to health concerns from the COVID-19 pandemic. Doc. 464. The Court denied the motion, finding that Defendant had failed to show extraordinary and compelling reasons for compassionate release because he was only 31 years old and had no medical condition that put him at higher risk for severe illness from COVID-19. Doc. 477 at 5. The Court further found that Defendant had failed to show he no longer is a danger to the community. *Id.* at 5-6. Defendant's motion for reconsideration was denied. Docs. 489, 496.

Defendant made a request for compassionate release to the warden at USP Atwater on July 19, 2022, but has received no response. Docs. 504-1 at 32-38, 507 at 3-4. Defendant filed the present motion on August 26, 2022. Doc. 504. The government filed a response in opposition, to which Defendant replied. Docs. 507, 508.

**II.      Compassionate Release Under § 3582(c) and the First Step Act.**

"District courts can modify prison sentences only in limited circumstances set out by federal statute." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)). Section 3582(c), as amended by the First Step Act of 2018, "allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *Id.*; *see* Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018). "Under § 3582(c)(1), courts have the authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted his administrative appeal rights of the [BOP's] failure to bring such a motion on the inmate['s] behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with 'applicable policy statements' issued by the United States Sentencing Commission." *United States v. Burnett*, No. CR17-0029JLR, 2022 WL

2

2440079, at *2 (W.D. Wash. July 2, 2022).[1]  Section 3582(c)(1)(A) "also instructs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding whether a reduction in sentence is appropriate." *Burnett*, 2022 WL 2440079, at *2.

The burden rests with Defendant to show that he "has met the exhaustion criteria set forth in § 3582(c)(1)(A) and to establish that 'extraordinary and compelling reasons exist' to warrant [his] release." *United States v. Packard*, No. 19CR3886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021).  Although Defendant has exhausted his administrative remedies (*see* Doc. 507 at 4), he fails to establish extraordinary and compelling reasons warranting compassionate release under § 3582(c).

## III.  Defendant's Motion.

Defendant asserts five reasons for compassionate release: (1) youthful offender; (2) rehabilitation efforts; (3) time served; (4) unwarranted sentencing disparities; and (5) the § 3553(a) factors.  Docs. 504 at 1-2, 504-1 at 6-26.[2]

### A.  Defendant's Age and Rehabilitation Efforts.

Noting that he was only 18 years old when he committed the offenses, Defendant contends that his age constitutes an extraordinary and compelling reason for a sentence reduction.  Docs. 504-1 at 7-10, 508 at 3.  In support, Defendant cites to the 2010 amendment to U.S.S.G. § 5H1.1, which provides that "[a]ge (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age . . . are present to an unusual degree and distinguish the case from the typical cases covered

---

[1] There is no Sentencing Commission policy statement specifically applicable to § 3582(c)(1)(A) motions filed by defendants.  The policy statements that apply to such motions filed by the BOP "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The relevant policy statement provides that a defendant may be eligible for compassionate release if "extraordinary and compelling reasons warrant the reduction"; the "defendant is not a danger to the safety of any other person or to the community"; and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  The policy statement identifies four circumstances that may constitute extraordinary and compelling reasons for compassionate release – serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." *Id.*, cmt. n.1.

[2] Defendant is 33 years old (*see* Doc. 429 at 4) and identifies no serious medical condition or family circumstances warranting compassionate release.

by the guidelines." U.S. Sentencing Guidelines Manual App'x C, Amendment 739 (U.S. Sent'g Comm'n 2010), https://guidelines.ussc.gov/ac/739 (last visited Jan. 10, 2023); *see also United States v. Sommer*, No. CR06-5528JLR, 2022 WL 6968887, at *5 n.2 (W.D. Wash. Oct. 12, 2022).

The Court considered Defendant's age when it resentenced him in April 2020. Specifically, the Court noted that Defendant was young at the time of the offenses and while there had been prior contacts with law enforcement, they were nowhere close to the serious nature of the crimes charged in this case. Doc. 449 at 28. Factors that exist at the time of sentencing, like the defendant's age and his codefendants' sentences, generally may not be considered for compassionate release. *See United States v. Culp*, No. 92-CR-81058, 2021 WL 5834312, at *2 (E.D. Mich. Dec. 9, 2021). And because the Court previously took Defendant's young age into account in sentencing him, further reductions at this point are not justified by age.

Defendant contends that his rehabilitation warrants early release, noting that he engages in a healthy lifestyle, has developed cognitive behavioral skills, and has earned his GED and completed many other educational programs while working fulltime at UNICOR. Docs. 504-1 at 11-15, 508 at 4-6; *see* Docs. 504-2 at 7-44, 504-3 at 1-25. Defendant further notes that he has not engaged in violent behavior since 2015. Doc. 504-1 at 16; *see* Docs. 504-2 at 2-5, 508 at 4. Defendant's efforts are commendable, as the Court noted during the resentencing hearing. Doc. 449 at 29-30. The Court sentenced Defendant to 25 years instead of 30 years based in large part on his efforts to rehabilitate. *Id.* at 30-31; *see also* Doc. 427 at 6-8 (Defendant's sentencing memo). But those efforts do not constitute an extraordinary and compelling reason for compassionate release. *See United States v. Tuitele*, No. CR 13-00593 JMS, 2020 WL 5167527, at *4 (D. Haw. Aug. 31, 2020).

**B.     Time Served and Sentencing Disparities.**

To date, Defendant has served 14 years of his 25-year sentence. *See* Doc. 504-1 at 3, 17. Defendant contends that the time already served is sufficient to afford adequate deterrence to criminal conduct. *Id.* at 21. He also asserts that the average sentence for

hostage taking is 18-20 years, while the average sentence for murder is 25 years – the same sentence he received. *Id.* at 23-24. For reasons explained below, the Court cannot conclude that reducing Defendant's 25-year sentence would be appropriate.

### C. The § 3553(a) Factors.

Section 3582(c)(1)(A)(ii) "provides that, before reducing a defendant's sentence for 'extraordinary and compelling reasons,' the court must consider the factors set forth in 18 U.S.C. § 3553(a)[.]'" *United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *3 (D. Md. Nov. 24, 2020). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Defendant contends that the § 3553(a) factors weigh in favor of his early release. Doc. 504-1 at 11-26. The Court does not agree.

Defendant engaged in the extremely serious criminal conduct of hostage taking by seizing, detaining, and threatening to kill numerous victims at gunpoint. *See* Docs. 429 at 5-12, 449 at 27-28. The crimes were committed for financial gain against vulnerable victims. *See id.* Some victims were beaten and raped by codefendants. *See id.*

The Court recognizes that 25 years is a long sentence. *See* Doc. 449 at 31. But given the serious nature of Defendant's crimes, and having considered the other § 3553(a) factors, the Court cannot conclude that reducing Defendant's sentence would reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offenses, or afford adequate deterrence to criminal conduct. *See id.* at 27-31; *United States v. Padilla-Barron*, No. CR-09-01355-002-PHX-DJH, 2021 WL 2075738, at *5 (D. Ariz. May 21, 2021) (denying compassionate release where the defendant's crimes affected many victims who were held hostage for ransom and threatened with firearms).

**D.    Conclusion.**

Because Defendant has not shown extraordinary and compelling reasons, and a sentence reduction would not serve the purposes of § 3553(a), the Court will deny his motion for compassionate release.

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 504) is **denied**.

Dated this 12th day of January, 2023.

David G. Campbell
Senior United States District Judge