**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-08-00611-02-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carlos Alvarez-Espinoza, | |
| Defendant. | |

Defendant Carlos Alvarez-Espinoza is an inmate with the Federal Bureau of Prisons ("BOP"). He filed a third motion for compassionate release under 18 U.S.C. § 3582(c), which the Court denied in an order entered January 12, 2023. Docs. 504, 509. Before receiving that order, Defendant filed a motion for leave to file a supplemental brief. Doc. 510. The Court will grant the motion. For reasons stated below, however, the supplemental evidence and arguments do not alter the Court's previous decision denying compassionate release.

**I.  Background.**

Defendant helped detain and threaten to kill more than 20 vulnerable people for financial gain. *See* Docs. 429 at 5-12, 449 at 27-28. In June 2009, a jury convicted Defendant on multiple counts of hostage taking, harboring illegal aliens, and brandishing a firearm during crimes of violence. Docs. 216, 221; *see* 18 U.S.C. §§ 924(c), 1203(a), 1324(a). He was sentenced to 137 years in prison in October 2009. Doc. 280. The sentence was reduced to 25 years after the § 924(c) convictions were vacated in October 2019. Docs. 422, 434.

Defendant is confined at the United States Penitentiary in Atwater, California. *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Jan. 20, 2023). His earliest projected release date is February 1, 2030. *See id.*

Defendant's first motion for compassionate release was denied because he had not exhausted administrative remedies. Docs. 451, 461. Defendant sought release in a second motion due to health concerns from the COVID-19 pandemic. Doc. 464. The Court denied the motion because Defendant had no medical condition that put him at higher risk for severe illness from COVID-19 and failed to show he no longer is a danger to the community. Doc. 477. The Court denied the third motion because Defendant's age at the time of the crimes (18 years old), rehabilitation efforts while incarcerated, and lengthy sentence are not extraordinary and compelling reasons warranting compassionate release. Doc. 509 at 3-5. The Court further found that the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of early release. *Id.* at 5.

**II.   Supplemental Brief.**

Defendant's supplemental brief relies on Dr. Laurence Steinberg's testimony in *United States v. Cruz*, No. 3:11-cv-00787 (JCH) (D. Conn. Sept. 13, 2017). *See* Doc. 511 at 1-2. Dr. Steinberg, a psychology professor at Temple University, testified that 18-year-olds are similar to juveniles in terms of immaturity, impulsivity, susceptibility to peer pressure, and brain development. Doc. 511-1 at 19-23. He explained that there are two different decision-making processes: cold cognition, which occurs when an individual is calm and emotionally neutral, and hot cognition, which occurs when an individual is emotionally aroused, such as in anger or excitement. *Id.* at 9-10. Cold cognition primarily relies on basic thinking abilities while hot cognition also requires the individual to regulate and control emotions. *Id.* at 10. While the abilities required for cold cognition are mature around the age of 16, the emotional regulation required for hot cognition is not fully mature until the early-20s. *Id.* at 10-12, 69-70. And during the hot cognition process, adolescents (ages 10 to 21) are less focused on the prospect of being punished for a decision than its

potential reward.  *Id.* at 28-30; *see also United States v. Cruz*, No. 3:94-CR-112 (JCH), 2021 WL 1326851, at *6 (D. Conn. Apr. 9, 2021) (discussing Dr. Steinberg's testimony).

According to Defendant, Dr. Steinberg's testimony is significant because age was not a factor the Court could consider at the time of Defendant's sentencing.  Doc. 511 at 3.  But the Court did consider Defendant's age when it resentenced him in April 2020.  While addressing the sentencing factors under 18 U.S.C. § 3553(a)(1), the Court specifically noted that Defendant was young at the time of the offenses.  Doc. 449 at 28.  Because the Court took Defendant's young age into account in sentencing him, further reductions on this basis are not justified.  Doc. 509 at 4.  Dr. Steinberg's testimony in *Cruz* and Defendant's supplemental arguments do not change the Court's conclusion.

**IT IS ORDERED:**

1. Defendant's motion for leave to file supplemental brief (Doc. 510) is **granted**.

2. The Clerk is directed to filed the lodged supplemental brief (Doc. 511).

3. Defendant's supplemental brief does not change the Court's previous decision denying compassionate release (Doc. 509).

Dated this 23rd day of January, 2023.

David G. Campbell
Senior United States District Judge